IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
----------------------------------------------------    :
                                                         : CASE NO.  1:11 CV 02447
STATE OF OHIO, Ex. Rel., THE SCRAP                       :
YARD, LLC, et al,                                        :
                                                         :
                                                         : MEMORANDUM AND ORDER
                                       Plaintiffs,       : GRANTING THE PLAINTIFFS' MOTION
                                                         : FOR REMAND
                       -vs-                               :
                                                         :
                                                         :
CITY OF CLEVELAND,                                       :

                                       Defendant.
----------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The defendant City of Cleveland removed this matter from the Cuyahoga Court

of Common Pleas pursuant to 28 U.S.C. § 1441(a), arguing that jurisdiction is proper

under 28 U.S.C. §§ 1331 & 1367. (Doc. 1). The plaintiffs have filed a motion for remand

on the ground that jurisdiction is lacking. (Doc. 10). The defendant has filed a brief in

opposition. (Doc. 9). For the reasons that follow, the plaintiffs' motion will be granted.

**I. Background**

This is the second incarnation of a long-standing zoning dispute between

plaintiffs/relators Scrap Yard, LLC, Allen Youngman, and Jacob Youngman,

(collectively, "the plaintiffs"), and the defendant/respondent the City of Cleveland

("defendant" or "City of Cleveland"). The parties were previously before this Court in a

case entitled The Scrap Yard, LLC v. City of Cleveland, 1:10 CV 02465, 2011 WL

3900571 (N.D. Ohio Sept. 6, 2011), aff'd, 2013 WL 362737 (6th Cir. Jan. 31, 2013)

(hereinafter "Scrap Yard I"). In that case, the plaintiffs alleged that the City of Cleveland

took actions which resulted in an uncompensated taking of their property, among other

claims not relevant here.  Id.

On motion of the defendant and by recommendation of the magistrate judge, the

takings claim was dismissed without prejudice on the ground of ripeness. Id. at *5. The

Court concluded that the claim was not ripe in light of Williamson County Regional

Planning Commission v. Hamilton Bank, 473 U.S. 172, 195 (1985), which holds that if a

state provides an adequate procedure for seeking compensation when the state has

allegedly taken private property, the Just Compensation Clause is not violated until the

property owner has used the state's procedure and been denied just compensation.  Id.

It is well-settled that Ohio's mandamus action is a "reasonable, certain, and adequate

procedure" by which a plaintiff may seek redress for a taking.  River City Capital v. Bd.

of County Comm'rs, 491 F.3d 301, 306–07 (6th Cir. 2007).  The plaintiffs admittedly had

not pursued the prerequisite mandamus action under Ohio law, and their federal takings

claim was accordingly dismissed without prejudice as unripe. See Scrap Yard I, 2011

WL 3900571, at *5.

The plaintiffs thereafter filed a petition for a writ of mandamus in the Cuyahoga

County Court of Common Pleas, in which they demanded that

> a Writ of Mandamus be issued against the City of Cleveland directing the Law
> Director of the City of Cleveland to institute appropriation proceedings in the
> Cuyahoga County Probate Court pursuant to R.C. § 163.01 *et seq.* to fix the
> value of the property which the City of Cleveland has taken and to compensate

2

[the plaintiffs] accordingly in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

(Doc. 6-1 at 10). Among the various legal justifications for obtaining this relief, the plaintiffs referred to the Fifth and Fourteenth Amendments to the United States Constitution and invoked their right to just compensation for the taking of their property. (Doc. 6-1 at 9).

Before the state court could rule on the plaintiffs' petition, however, the City of Cleveland filed a notice of removal pursuant to 28 U.S.C. § 1441(a), once again placing the same issue and same parties before this Court. (Doc. 1). According to the City of Cleveland, removal is proper because the federal takings claim, which was dismissed as unripe in Scrap Yard I, now provides a basis for the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. The defendant further argues that the plaintiffs' state petition for the writ of mandamus properly resides in federal court as a matter of the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

On the assumption that removal is proper, the City of Cleveland seeks dismissal of the plaintiffs' mandamus petition on the ground that it is time-barred. (Doc. 7). The defendant also seeks a ruling that individual plaintiffs/relators Allen and Jacob Youngman do not possess standing to bring suit on behalf of plaintiff/relator Scrap Yard. (Doc. 7).

The plaintiffs argue that jurisdiction is lacking over the takings claim, because that claim remains unripe, and that remand is warranted. (Doc. 10)

3

### II. Standard for Removal

The statutory framework for removal is contained at 28 U.S.C. § 1441, which provides in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is the defendant's burden to show that removal is proper and that the federal court has original jurisdiction. See Village of Oakwood v. State Bank and Trust Co., 539 F.3d 373, 377 (6th Cir.2008). The removal statute is to be strictly construed, and any doubts concerning the propriety of removal are resolved in favor of remand. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999).

In considering whether jurisdiction is proper on removal, this Court observes the well-pleaded complaint rule: a defendant may not remove a case to federal court unless the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983).

### III. Law and Argument

This action is based on the plaintiffs' petition for a writ of mandamus, filed pursuant to the Ohio Revised Code § 163.01, *et seq.* The only potential federal issue

4

presented therein is the plaintiffs' reference to their legal right to just compensation for the temporary taking of property under the United States Constitution.

Basing jurisdiction on the plaintiffs' reference to the United States Constitution is problematic for two reasons. First, the plaintiffs seek no federal relief. Instead they ask that a writ of mandamus be issued directing the "Law Director of the City of Cleveland to institute appropriation proceedings in the Cuyahoga County Probate Court." (Doc. 1-2). Quite clearly, this request is not one "where federal law provides the right to relief." Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2006). The instant mandamus action filed by the plaintiffs is strictly a mechanism of state law.

Second, the defendant fails to demonstrate that this case implicates significant federal issues such that federal question jurisdiction will lie over the mandamus petition. To do so, a defendant must show that the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28. In this instance, the City of Cleveland provides no argument that this is the case.

Moreover, assuming that the defendant could meet its burden, the takings claim is still unripe. This precise issue was addressed in Scrap Yard I, and the Court could not have been more clear: "[W]ithout a state judgment on a mandamus action seeking just compensation, the alleged taking is not complete and this Court will not possess jurisdiction to entertain the question." Scrap Yard I, 2011 WL 3900571, at *5. In terms of ripeness, nothing has changed since the parties were last before the Court. After Scrap Yard I was dismissed, the plaintiffs did *seek* compensation by filing a petition for a writ of mandamus, but the City of Cleveland removed the petition to federal court before compensation was either denied or allowed. The state court never issued a judgment.

As the defendant itself argued in Scrap Yard I, a takings claim does not ripen until the plaintiff has sought, and been denied, just compensation from the state. Williamson County, 473 U.S. at 195. Therefore, without a denial of compensation, the takings claim remains unripe, and it cannot serve as the basis for jurisdiction on removal.

The City of Cleveland seems to suggest that the rule set forth in Williamson County can be bypassed because the plaintiffs referenced the United States Constitution in their petition for the writ of mandamus. In the defendant's words, "[a]lthough given the opportunity to pursue mandamus in state court, [the plaintiffs] couldn't leave it at that and had to couple mandamus with Fourth [sic] and Fourteenth Amendment claims under the United States Constitution." (Doc. 9, pp. 1-2). This argument has no merit, for two reasons. First, it assumes that the plaintiffs assert "claims" under the federal constitution.  As explained above, the defendant has not met its burden in this regard. Second, the plaintiffs' citation to the federal constitution does not impact the justiciability of the takings claim. That is to say, the takings claim is no more or less ripe because a constitutional question may have been referenced in the mandamus action.

The defendant has not met its burden to show that removal is proper. Until the takings claim is ripe for review, this Court may not exercise its jurisdiction over it. Supplemental jurisdiction over the plaintiffs' state law petition, being dependent on the exercise of jurisdiction over the takings claim, is lacking. See 28 U.S.C. § 1367(a) & (c)(3).

6

**IV. Conclusion**

For the reasons stated above, the plaintiffs' motion for remand is granted, and this matter is remanded to the Cuyahoga Court of Common Pleas.

IT IS SO ORDERED.

        /s/ Lesley Wells
        UNITED STATES DISTRICT JUDGE

Date: 28 February 2013